UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

OREANDA JABBAR HALL,

        Defendant.
_____/

Case No. 1:03:CR:79-01

HON. GORDON J. QUIST

## OPINION AND ORDER REGARDING FIRST STEP ACT MOTION

Pursuant to the Court's August 6, 2019, Order (ECF No. 327), Defendant, Oreanda Hall, through his appointed counsel, has filed a supplemental brief in support of his motion for modification or reduction of his sentence pursuant to Section 404 of the First Step Act (FSA). (ECF No. 329.) The Government has filed a response to Hall's supplemental brief (ECF No. 333), and Hall has submitted character reference letters (ECF Nos. 332, 335). The Court has read and considered all of the foregoing submissions in deciding whether to grant Hall a sentence reduction.

*Background*

In March of 2003, Hall was charged in a single count of a multi-count indictment with conspiracy to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. (ECF No. 1 at PageID.1213.) On February 10, 2005, Hall pled guilty to the conspiracy charge, which at the time carried a statutory mandatory minimum sentence of 10 years and up to a maximum of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). (ECF No. 122.) Hall's Presentence Report calculated a base offense level of 36, added two points for possession of a firearm, four points for his role as a leader/organizer, and two points for obstruction of justice, and subtracted two points for acceptance of responsibility, resulting in a total offense level of 41. (ECF No. 314 at PageID.1197–98.) At a criminal history category of V, the resulting

guideline sentencing range was 360 months to life in prison. On June 15, 2005, the Court sentenced Hall to 360 months in prison. (ECF No. 173.) Hall appealed his sentence, and the Sixth Circuit affirmed. (ECF No. 182 at PageID.790.)

Hall has twice moved for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) based on United States Sentencing Guideline Amendments 750 and 782. (ECF Nos. 236, 304.) In both instances, the Court denied a reduction because Hall's guideline range did not change. (ECF Nos. 268, 311.) Hall appealed the latter denial of a sentence modification, and the Sixth Circuit affirmed. (ECF No. 321 at PageID.1272–73.)

### *The First Step Act of 2018*

Pursuant to Section 404(b) of the FSA, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." A "'covered offense' means a violation of a Federal Criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." First Step Act of 1018, Pub. L. 115-391, 132 Stat. 5194, § 404(a). This Court has previously indicated that it agrees with Judge Jonker's analysis of the First Step Act in *United States v. Boulding*, 379 F. Supp. 646 (W.D. Mich. 2019)—and that of "[n]early every district court considering the issue," *United States v. Cole*, No. 1:09 CR 118, 2019 WL 3406872, at *3 (N.D. Ind. July 29, 2019)—that it is the statute of conviction, and not actual conduct, that controls whether a defendant is eligible for relief under the FSA.

### *Analysis*

Based on the foregoing, the Court concludes that Hall is eligible for relief under the FSA because Hall was sentenced for violating a federal criminal statute as to which Section 2 of the Fair

2

Sentencing Act increased the drug amounts that trigger the mandatory minimums for crack offenses from 5 grams to 28 grams for the 5-year minimum and from 50 grams to 280 grams for the 10-year minimum.[1]  *See Dorsey v. United States*, 567 U.S. 260, 269, 132 S. Ct. 2321, 2329 (2012).  But eligibility is only the threshold issue.[2]  The decision whether to grant discretionary relief to an eligible defendant depends on a constellation of factors, including "a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as . . . any other information the parties present or the Court wishes to consider." *Boulding*, 379 F. Supp. 3d at 654.

The Government argues that Hall is not entitled to relief because, even after the Fair Sentencing Act and the First Step Act, Hall's guideline range remains the same and his sentence is unaffected by the reduced statutory penalty range.  (ECF No. 334 at PageID.1360.)  Hall does not dispute this fact.  (ECF No. 329 at PageID.1304 (Hall acknowledging that his argument "is academic . . . because the use of present-day guidelines will result in a four-level reduction in offense level but no reduction in the ultimate guideline range").)  Even so, courts have held that relief under the First Step Act is not dependent on a reduction in the guideline range.  As one court observed, "[i]f Congress had intended to limit eligibility under § 404 only to cases in which the guideline range had been lowered, . . . it could have said so, but the First Step Act contains no such limiting language and we shall not read such a limitation into the statute." *United States v. Garrett*, No. 1:03-cr-62-SEB-DML, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019); *see also United States v. Robinson*, Crim. No. PJM 02-0227, 2019 WL 3867042, at *4 (D. Md. Aug. 15, 2019) (stating that "the

---

[1]The limitations set forth in Section 404(c) of the First Step Act do not bar Hall's request for relief, as Hall's sentence was not imposed in accordance with the Fair Sentencing Act and Hall has not previously moved for relief under the First Step Act.

[2]The Court notes that the Government disagrees with the categorical eligibility analysis set forth in *Boulding* and followed by the vast majority of other district courts, asserts that the correct focus is on the quantity of drugs actually involved in the violation, and has appealed the issue to the Sixth Circuit.

statutory language of the First Step Act does not mention the limitations of Section 3582(c)(2) at all, nor does it condition eligibility for a sentence reduction under Section 404 on a reduced guideline range"); *United States v. Shelton*, Cr. No. 3:07-329, 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019) (noting that "nothing in the First Step Act conditions eligibility for a reduced sentence on a lowered guideline range," and stating that "in determining whether to impose a reduced sentence of incarceration, the court will consider the reduced statutory range, the guideline range, the 18 U.S.C. § 3553(a) factors and any evidence of post-sentencing mitigation").[3]

The Court sentenced Hall when he was 32 years old. Hall's criminal history was driven primarily by two felony drug convictions that occurred when he was 17 years old. (ECF No. 1199-1200.) In concluding that a within-guideline range was appropriate, the Court cited not only Hall's leadership role and manipulation of others to participate in the conspiracy and his possession of firearms in conducting the conspiracy, but also the fact that Hall injured others as he tried to escape in a vehicle to avoid apprehension by police officers. (ECF No. 179 at PageID.776–778.) The Court found that a long sentence would protect society from Hall until he was unable to resume drug-dealing. (*Id.* at PageID.776.) Hall is now 46 years old and has served approximately 172 months of his sentence.

Based on its review of the record, the Court will exercise its discretion to reduce Hall's sentence. The guideline range, which remains unchanged, has no bearing on the Court's determination. As for the reduced statutory mandatory minimum and maximum sentence that would apply to Hall if the Fair Sentencing Act were in effect at the time the offense was committed, the Court will consider this factor pursuant to 18 U.S.C. § 3553(a)(3), even though it did not impact Hall's original sentence. *See United States v. McCloud*, 730 F.3d 600, 610 (6th Cir. 2013)

---

[3]This Court has previously concluded that the First Step Act does not permit plenary resentencing, *see United States v. Hemphill*, No. 1:07-CR-249 (ECF No 281 at PageID.1812–13), and it adheres to this position.

(explaining that "the kinds of sentences" factor "necessarily includes the statutory minimum and maximum ranges"). Finally, the Court may consider Hall's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 490–91, 131 S. Ct. 1229, 1241–42 (2011) (holding that post-sentencing rehabilitation may be "highly relevant" to the § 3553(a) factors); *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *6 (W.D. Mich. June 20, 2019) (considering as part of post-sentencing behavior the defendant's minimal disciplinary infractions and completed educational programs). Here, Hall has submitted evidence of his substantial participation in both self-improvement and vocational education and training programs. (ECF No. 329-1.) Among the character reference letters Hall has submitted is a letter from the "Rzero Team" (Recidivism Zero) at FCI-Gilmer, stating their belief that "Hall will become one of our success stories and a valued member of his family and community." (ECF No. 332.) The Court has also reviewed a report from the Bureau of Prisons that the probation office has provided. The report shows that while Hall does have a disciplinary record, he has not had any disciplinary infractions since 2013.

In light of the foregoing, the Court will vary downward and reduce Hall's sentence to 300 months' imprisonment. All of the other terms of the original sentence remain unchanged.

Accordingly, Defendant's Motion for Modification or Reduction of Sentence Under the First Step Act (ECF No. 325) is **GRANTED** and his term of imprisonment reduced to a total term of 300 months imprisonment. All other terms of the original sentence, including the five years of supervised release, remain unchanged.

**IT IS SO ORDERED**.

Dated: October 22, 2019    /s/ Gordon J. Quist  
GORDON J. QUIST  
UNITED STATES DISTRICT JUDGE